UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD E. and LESLIE A. CHAMBERS, as GUARDIANS of FERREN CHAMBERS, an incapacitated person and RONALD E. and LESLIE A. CHAMBERS, IN THEIR OWN RIGHT 1843 Strahle Street Philadelphia, PA 19152 : PLAINTIFFS : : v. : : SCHOOL DISTRICT OF PHILADELPHIA BOARD OF EDUCATION 2130 Arch Street, Fifth Floor Philadelphia, PA 19103-1390 : DEFENDANT | CIVIL ACTION NO. **JURY TRIAL DEMANDED** |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This action arises under *28 U.S.C.* §1331, 1343, 1367, as plaintiffs' claims arise under the United States Constitution and statutes including, Rehabilitation Act of 1973, 29 U.S.C. §504, Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq. and Civil Rights Act, 42 U.S.C. §1983.

2. Venue for this action is proper in this Court under *28 U.S.C. §1391* as the events giving rise to Plaintiffs' claims occurred within the territorial limits of the United States District Court for the Eastern District of Pennsylvania.

## II. PARTIES

3. Plaintiff, Ferren Chambers, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1843 Strahle Street, Philadelphia, PA 19152.

4. Plaintiff, Ronald E. Chambers is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1843 Strahle Street, Philadelphia, PA 19152.

1

5. Plaintiff, Leslie A. Chambers is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1843 Strahle Street, Philadelphia, PA 19152.

6. Plaintiffs, Ronald E. and Leslie A. Chambers ("Chambers"), are the biological parents of Plaintiff, Ferren Chambers and have been appointed the guardian of the person and Estate of Plaintiff, Ferren Chambers by the Philadelphia Court of Common Pleas, Orphans' Court Division on April 1, 2005.

7. Defendant, School District of Philadelphia is a Pennsylvania School District, duly created and existing under the laws of the Commonwealth of Pennsylvania, with its Board of Education office located at 2130 Arch Street, Fifth Floor, Philadelphia, Pennsylvania, 19103-1390.

### III. FACTS

8. Plaintiff, Ferren Chambers was born on October 15, 1985, via forceps assisted vaginal delivery at Sharon General Hospital. As a result of the forceps delivery, Plaintiff, Ferren Chambers had frontal and occipital bruising. Her birth weight was 7 pounds, 7 ounces, and her birth was complicated by meconium staining and muchal cord. Following delivery, Plaintiff, Ferren Chambers was lethargic and had poor appetite.

9. At nine months of age, Plaintiff, Ferren Chambers was diagnosed as being developmentally delayed.

10. At the age of 2, Plaintiff, Ferren Chambers was diagnosed with seizures and placed on Phenobarbital. In July, 1988, Plaintiff, Ferren Chambers experienced her first grand mal seizure.

11. As Plaintiffs resided at all times relevant hereto within Defendant, School District of Philadelphia, Plaintiff, Ferren Chambers began her schooling in the Early Intervention Program at the Charles Drew School of Defendant, School District of Philadelphia at about 1 ½

years of age. Plaintiff, Ferren Chambers was placed in a high intensity class where she received speech and language services.

12. In or about 1989, Plaintiff, Ferren Chambers was transferred to the North East Growth and Development Center. Between February and April 1989, Plaintiff, Ferren Chambers' behavior began to change. She exhibited hyperactivity, stopped talking, became aggressive, stopping eating food she previously enjoyed and became particularly sensitive about textures.

13. In or about November 1990, Plaintiff, Ferren Chambers was evaluated by Defendant, School District of Philadelphia for placement and was categorized as a severely and profoundly impaired child, but not as autistic/pervasive developmental disorder. She was placed in a program for severely handicapped children and was not given appropriate educational services given her true medical condition.

14. Plaintiffs Chambers removed Plaintiff, Ferren Chambers from the classroom and requested a conference to change her disability category and achieve a more appropriate placement for her. A prehearing conference with Defendant, School District of Philadelphia was held but the request for educational services appropriate for Plaintiff, Ferren Chambers was denied by the Defendant.

15. Defendant, School District of Philadelphia sought to hold Plaintiffs, Chambers liable for Plaintiff, Ferren Chambers' absence from school in truancy court, but these allegations were rejected by the Court given that Defendant, School District was not providing appropriate educational services to Plaintiff, Ferren Chambers.

16. In July, 1991, the State Level Special Appeals Panel of the Commonwealth of Pennsylvania ordered that Plaintiff, Ferren Chambers to be classified as autistic/pervasive developmental delay. The Appeals Panel found that Plaintiff, Ferren Chambers required goals aimed at social relatedness, social interaction, language and activity level. The Appeals Panel

further found that Plaintiff, Ferren Chambers required placement is a program specifically designed for children with autism/pervasive developmental delay, or an autistic support program. Despite the foregoing, no placement in an appropriate program took place.

17. On or about January 24, 1992, the Honorable Stewart Dalzell, for the United States District Court for the Eastern District of Pennsylvania, ordered the Defendant, School District of Philadelphia to classify Plaintiff, Ferren Chambers as a youngster with multiple handicapping conditions, including, but not limited to autism/pervasive developmental delay. It was only thereafter that Plaintiff, Ferren Chambers was placed in an autistic support program.

18. Thereafter, Plaintiff, Ferren Chambers attended Defendant, School District of Philadelphia's Greenfield School and was placed in its autistic support program and made progress in her language and communication skills, but Defendant, School District of Philadelphia subsequently stopped providing autistic support services to Plaintiff, Ferren Chambers.

19. Plaintiff, Ferren Chambers began the 1994-95 school year at Defendant, School District of Philadelphia's Lowesche Elementary School, in a full-time autistic support class, but was not provided with adequate support or instruction to allow progress of her language and communication skills. Thereafter, Plaintiffs Chambers requested a due process hearing because the Defendant, School District of Philadelphia would not reach agreement with the Plaintiffs with regards to Plaintiff, Ferren Chambers appropriate educational placement. The due process hearing request was intentionally misplaced by Defendant, School District of Philadelphia which enabled the Defendant to request further reevaluation of Plaintiff, Ferren Chambers. However, at the following Individual Education Plan ("IEP") meeting both Defendant and Plaintiffs agreed that Plaintiff, Ferren Chambers required placement in a full-time Approved Private School ("APS").

20. Despite the foregoing, the Defendant, School District of Philadelphia failed to place Plaintiff, Ferren Chambers into an appropriate APS even after entering into the aforementioned agreement between the parties. Because of the Defendant's intentional inaction, Jeffrey Gonnick, Appellate Officer for the Appeals Panel, ordered the Defendant, School District of Philadelphia to implement the IEP by placement of Plaintiff, Ferren Chambers in an APS. Also, the Defendant, School District of Philadelphia was ordered to pay tuition to a neighboring school district to implement the IEP until the time when an appropriate APS was located. Furthermore, if the Defendant, School District of Philadelphia was unable to find either an appropriate APS or pay a neighboring school district, the Defendant was ordered to hire a special education teacher for 30 hours per week of one on one instruction in Plaintiff, Ferren Chambers' home until she was placed in an APS.

21. On or about July 31, 1995, the Plaintiffs, Chambers along with the Defendant, School District of Philadelphia developed another IEP for Plaintiff, Ferren Chambers. The IEP ordered the placement of Plaintiff, Ferren Chambers in an with autistic support on a full-time daily basis.

22. On August 3, 1995, Plaintiff, Ferren Chambers was accepted at Wordsworth Academy for the 1995-1996 school year. However, Defendant, School District of Philadelphia failed to provide appropriate educational services to Plaintiff, Ferren Chambers pursuant to her IEP.

23. On or about May 20, 1998, a settlement agreement was reached with Defendant, School District of Philadelphia during the course of another Due Process Hearing. Plaintiffs, Chambers requested the Due Process Hearing because of Defendant, Philadelphia School District's failure to provide the agreed upon educational services for Plaintiff, Ferren Chambers while she was attending Wordsworth Academy.

24. On or about March 26, 1999, the Bureau of Special Education issued a report concerning the Defendant, School District of Philadelphia's continued failure to implement the services contained in Plaintiff, Ferren Chambers' IEP. The Bureau concluded that Defendant failed to deliver speech services listed in the IEP for the 1997-1998 school year, summer of 1997 extended school year and the 1998-1999 school year. The Bureau concluded that as of March 26, 1999, Defendant had not implemented the required speech services as established in the IEP for the 1997-1998 school year.

25. On or about June 29, 1999, Plaintiffs, Chambers agreed to the proposed compensatory speech education for Plaintiff, Ferren Chambers, with the Defendant, School District of Philadelphia paying for such services.

26. On September 4, 2001, another Due Process Hearing was held. Defendant, School District of Philadelphia agreed to provided the augmentative communication system that was recommended in the January 26th, 2001 DuPont Hospital for Children report, including payment for the equipment needed to implement the recommendations included in that report.

27. Plaintiffs, Chambers sent letters on multiple occasions requesting, in part, the names of individuals who would be responsible for assuring that payments are promptly made for compensatory services provided under the terms of the September 4, 2001 agreement between the Plaintiffs and Defendant, School District of Philadelphia. However, the Defendant did not pay DuPont Hospital for Children for its report, did not comply with any of the Plaintiffs' pre-hearing conference requests and did not fulfill its obligation for compliance with the settlement agreement, despite the Plaintiffs' withdrawal of hearing requests based upon the assurances made in the settlement agreement.

28. On or about November 19, 2001, the Special Education Appeals Panel affirmed the lower hearing officer's Order that required an independent evaluation of Plaintiff, Ferren Chambers.

29. Plaintiff, Ferren Chambers underwent psychiatric evaluation at Kennedy Krieger Institute on or about January 9, 2002. The evaluation concluded that Plaintiff, Ferren Chambers had not received appropriate autism education services; and had therefore progressed little developmentally since her initial evaluation at Kennedy Krieger Institute in 1992.

30. The evaluation report from Kennedy Krieger Institute further indicated that: "Ferren's school history and that lack of autism services have obviously prevented her from reaching her full potential despite her disabilities. Although, well loved and treasured by her family, having a chronically disabled child in the family has taken its toll on the parents and Ferren's siblings. The added burden of fighting the system for appropriate services for their daughter has left Mr. and Mrs. Chambers with stress induced symptoms and a sense of hopelessness."

31. Additionally, Plaintiff, Ferren Chambers' attending psychiatrist, Paula J. Lockhart, M.D. made the following recommendation: "Both Ferran's (sic) autism and developmental delays need to be addressed educationally. Despite the lack of appropriate services up until this time, she could still greatly benefit from an appropriate program."

32. On February 14, 2002, Pennsylvania Special Education Hearing Officer, Carole Hite Welch tentatively decided to make a random selection of independent evaluator so that the Appeals Panel Order can Proceed as the Defendant could not come to an agreement with the Plaintiffs as the selection of an appropriate evaluator.

33. On March 1, 2002, Jane C. Kunze, Ph.D. of the Kennedy Krieger Institute reported her findings of Plaintiff, Ferren Chamber's psychological evaluation of her then current cognitive functioning. The report gave a description of her educational needs at that time, stating in part, "[c]lass placement needs to address Ferren's level of cognitive functioning as well as her autistic features. She needs to be in a small class with adequate opportunity for individualized help with tasks and immediate behavioral intervention when needed and with an emphasis on

functional skills. She needs a class with at least some other children functioning around her developmental level. This would provide the best opportunity for encouraging interaction and participation in activities that Ferren can comprehend. Ferren does observe others and has imitated class behaviors. These abilities could be used for learning purposes in a class oriented more toward children of Ferren's level of functioning. In addition, Ferren needs a placement that incorporated teacher strategies geared toward autistic children. Ferren needs much prompting and redirection to engage, maintain, and move her attention from activity to activity. She will need more help to become engaged in activities, particularly those that involve interactions, that a child of her cognitive functioning without autism. I also encourage the use of 'watch-and-learn' activities ('do-what-I'm-doing') to improve Ferren's ability to imitate activities. It may be possible to gently turn some of her favorite object driven activities into more two-way interactive activities. It is important for those working with Ferren recognize her current levels of functioning in order to make appropriate expectations."

34. On or about April 4, 2002, Defendant, School District of Philadelphia held an IEP meeting without Plaintiffs, Chambers and reached a conclusion as to their perceived appropriate IEP goals.

35. On or about April 17, 2002, Plaintiffs, Chambers disapproved of the IEP that was sent to them along with a Notice of Recommended Educational Placement (NOREP). Plaintiffs rejected the NOREP and IEP because it was not an appropriate plan for Plaintiff, Ferren Chambers; nor was the then current placement appropriate for her.

36. According to the April 26, 2002 Due Process Hearing decision, Plaintiffs received independent evaluations from the Kennedy Krieger Institute as well as the DuPont Hospital for Children because they were not satisfied with any of the evaluators proposed by Defendant, School District of Philadelphia.

37. On or about May 11, 2002, Plaintiffs, Chambers withdrew their request for a Due Process Hearing because Defendant, School District of Philadelphia informed them that they would reconvene an IEP meeting to consider the DuPont and Kennedy Krieger evaluations.

38. On or about May 20, 2002, the IEP Team determined that no additional data was required because the information from DuPont and Kennedy Krieger was sufficient.

39. On or about May 28, 2002, the Bureau of Special Education Division of Compliance determined that Defendant, School District of Philadelphia continuously failed to implement speech services described in the 2000 IEP and also failed to provide for the 2001 Extended School Year (ESY) services. These failures to implement Plaintiff, Ferren Chambers' IEP continued through the 2003-2004 school year.

40. On February 19, 2004, Jane C. Kunze, Ph.D., of the Kennedy Krieger Institute, submitted an updated evaluation of Plaintiff, Ferren Chambers. The report set forth that: "Ferren requires a setting that addresses her level of retardation. Goals and teaching strategies need to be set in accordance with her level of understanding and be functional in nature rather than academic. An environment that includes language and academic work that is significantly above her level of functioning will not offer her appropriate stimulation or opportunity to progress. In addition, Ferren will do best in a setting geared toward persons with autism in order to address her speech and attention needs."

41. On or about March 18, 2004, a final Due Process Hearing was held before Pennsylvania Special Hearing Officer, Rosemary E. Mullally, Esq. Based on her findings, the Hearing Officer issued an Order stating, *inter alia*, that the Defendant, School District of Philadelphia owed Plaintiffs 3,180 hours of compensatory education based on two and a half years of Defendant's denial of free and appropriate public education to Plaintiff, Ferren Chambers, she as mandated under the law.

42.     As a direct and proximate and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiff, Ferren Chambers has been deprived of a free and appropriate public education.

43.     As a direct result of Defendant, School District of Philadelphia's intention and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, she has suffered permanent injuries and will not be able to develop communicative skills and abilities to allow her to communicate with others and to participate in her daily care.

44.     As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs will incur future expenses for her care and require various therapies, which would not have to be incurred if Defendant had provided the educational services to Plaintiff, Ferren Chambers as requires under the law.

45.     As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services, Plaintiff, Ferren Chambers has suffered severe emotional distress, frustration, disability and inability to learn communicative skills which will cause her to suffer even greater  distress in the future.

46.     As a direct and proximate result of Defendant School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs, Chambers have incurred expenses and suffered monetary losses due to the Defendant's intentional failure to provide educational services to Plaintiff, Ferren Chambers as required by law.

47. As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Chambers have suffered severe emotional distress due to the Defendant's intentional failure to provide educational services to Plaintiff, Ferren Chambers as required by law.

48. As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services for Plaintiff, Ferren Chambers, Plaintiffs, Chambers have suffered severe emotional distress due to Defendant's intentional attempts to prevent them from ensuring that their daughter receive appropriate educational services to allow her to become communicative.

## IV.  CLAIMS FOR RELIEF

### COUNT I

**PLAINTIFFS, RONALD E. AND LESLIE A. CHAMBERS, AS GUARDIANS OF FERREN CHAMBERS, AN INCAPACITATED PERSON, AND RONALD E. AND LESLIE A. CHAMBERS IN THEIR OWN RIGHT VS. DEFENDANT ,SCHOOL DISTRICT OF PHILADELPHIA**

49. Plaintiffs, Chambers incorporate by reference herein all of the allegations contained in paragraphs 1 through 48 inclusive, as though same were set forth in their entirety.

50. Plaintiff, Ferren Chambers is disabled as defined by the Rehabilitation Act of 1973.

51. Plaintiff, Ferren Chambers was otherwise qualified to participate in the of the School District of Philadelphia during all time periods relevant herein.

52. Defendant, School District of Philadelphia had received federal financial assistance during all times of its failure to provide Plaintiff, Ferren Chambers with a free and appropriate public education.

53. Plaintiff, Ferren Chambers was intentionally excluded from participation in, denied the benefits of, and subject to discrimination at the various schools of the Defendants, School District of Philadelphia.

54. Defendant, School District of Philadelphia violated the IDEA and Section 504 of the Rehabilitation Act of 1973 as a matter of practice and policy by intentionally and continuously failing to provide Plaintiff, Ferren Chambers with a free, appropriate public education and related educational services by repeatedly and intentionally:

    (a) refusing to schedule mandatory conference with Plaintiffs, Chambers;

    (b) intentionally misplacing requests for hearings related to Plaintiff, Ferren Chambers;

    (c) failing to establish appropriate IEP for Plaintiff, Ferren Chambers;

    (d) failing to comply with Plaintiff, Ferren Chambers' IEP after it had agreed to it;

    (e) failing to comply with agreements concerning carrying out the IEPs; and

    (f) refusing to honor orders and agreements to provide educational services to Plaintiff, Ferren Chambers

Wherefore, Plaintiffs, Chambers, as guardians of Ferren Chambers, and in their own right, demand judgment against Defendant, School District of Philadelphia in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) in compensatory and punitive damages with lawful interest thereon, attorneys' fees and costs of suit and brings this action to recover same.

## COUNT II

### PLAINTIFFS, RONALD E. AND LESLIE A. CHAMBERS, AS GUARDIANS OF FERREN CHAMBERS, AN INCAPACITATED PERSON AND RONALD E. AND LESLIE A. CHAMBERS IN THEIR OWN RIGHT VS. DEFENDANT ,SCHOOL DISTRICT OF PHILADELPHIA

55. Plaintiffs, Chambers incorporate by reference herein all of the allegations contained in paragraphs 1 through 54 inclusive, as though same were set forth in their entirety.

56. The intentional actions of Defendant, School District of Philadelphia detailed hereinabove violated Plaintiff's constitutional due process rights by violating Plaintiff, Ferren Chambers' rights granted under Section 504 of the Rehabilitation Act of 1973 and IDEA.

57. As a direct result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, she has suffered permanent injuries and will not be able to develop communicative skills and abilities to allow her to communicate with others and to participate in her daily care.

58. As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs will incur future expenses for her care which would not have to be incurred if Defendant had provided the educational services to Plaintiff, Ferren Chambers as requires under the law.

59. As a direct and proximate and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services,  Plaintiff, Ferren Chambers has been deprived of a free and appropriate public education.

60. As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational

services for Plaintiff, Ferren Chambers, Chambers have suffered severe emotional distress due to the Defendant's intentional failure to provide educational services to Plaintiff, Ferren Chambers as required by law.

61. As a direct and proximate and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs, Chambers have suffered severe emotional distress due to Defendant's intentional attempts to prevent them from ensuring that their daughter receive appropriate educational services to allow her to become communicative.

62. As a direct and proximate result of Defendant School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs, Chambers have incurred expenses and suffered financial losses due to Defendant's intentional failure to provide educational services to Plaintiff, Ferren Chambers as required by law.

Wherefore, Plaintiffs, Chambers, as guardians of Ferren Chambers, and in their own right, demand judgment against Defendant, School District of Philadelphia in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) in compensatory and punitive damages with lawful interest thereon, attorneys' fees and costs of suit and brings this action.

### COUNT III

### PLAINTIFFS, RONALD E. AND LESLIE A. CHAMBERS, AS GUARDIANS OF FERREN CHAMBERS, AN INCAPACITATED PERSON VS. DEFENDANT ,SCHOOL DISTRICT OF PHILADELPHIA

63. Plaintiffs, Chambers incorporate by reference hereto all of the allegations contained in paragraphs 1 through 62 inclusive, as though same were set forth in their entirety.

64. The intentional actions of Defendant, School District of Philadelphia constitute intentional discrimination and reckless and deliberate indifference to Plaintiff, Ferren Chambers' constitutional rights in violation of the Equal Protection clause of the United State Constitution.

65. As a direct and proximate and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiff, Ferren Chambers has been deprived of a free and appropriate public education.

66. As a direct result of Defendant, School District of Philadelphia's intention and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, she has suffered permanent developmental injuries and will not be able to develop communicative skills and abilities to allow her to communicate with others and to participate in her daily care.

67. As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs will incur future expenses for her care which would not have to be incurred if Defendant had provided the educational services to Plaintiff, Ferren Chambers as requires under the law.

68. As a direct and proximate result of Defendant School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Plaintiffs, Chambers have incurred expenses and suffered financial losses due to Defendant's intentional failure to provide educational services to Plaintiff, Ferren Chambers as required by law.

69. As a direct and proximate and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services for Plaintiff, Ferren Chambers, Plaintiffs, Chambers have suffered severe

emotional distress due to Defendant's intentional attempts to prevent them from ensuring that their daughter receive appropriate educational services to allow her to become communicative.

70. As a direct and proximate result of Defendant, School District of Philadelphia's intentional and continuous refusal to provide clearly necessary and appropriate educational services to Plaintiff, Ferren Chambers, Chambers have suffered severe emotional distress due to the Defendant's intentional failure to provide educational services to Plaintiff, Ferren Chambers as required by law.

Wherefore, Plaintiffs, Chambers, as guardians of Ferren Chambers, and in their own right, demand judgment against Defendant, School District of Philadelphia in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) in compensatory and punitive damages with lawful interest thereon, attorneys' fees and costs of suit and brings this action.

## V. **JURY DEMAND**

Plaintiffs demand trial by jury.


ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.


BY:  ALAN SCHWARTZ, ESQUIRE
     STEPHEN J. POKINIEWSKI, JR., ESQUIRE
     I.D. Nos. 04217 AND 45186
     1900 Delancey Place
     Philadelphia, PA 19103
     (215) 735-1130
     ATTORNEYS FOR PLAINTIFFS


Dated: _____

## **VERIFICATION**

Stephen J. Pokiniewski, Jr., Esquire, hereby states he is Counsel for the Plaintiffs in this action and verifies the statements made in the foregoing Civil Action Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of *18 Pa.C.S. § 4904*, relating to unsworn falsifications to authorities.

_____
STEPHEN J. POKINIEWSKI, JR., ESQUIRE

DATED: _____