IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. and LESLIE A. CHAMBERS, as : | | CIVIL ACTION |
| GUARDIANS of FERREN CHAMBERS, : | | |
| an incapacitated person, and RONALD E. and : | | |
| LESLIE A. CHAMBERS, in their own right, : | | |
| : | | |
| Plaintiffs : | | |
| : | | |
| v. : | | |
| : | | NO. 05-2535 |
| SCHOOL DISTRICT OF PHILADELPHIA : | | |
| BOARD OF EDUCATION, : | | |
| : | | |
| Defendant. : | | |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                                     FEBRUARY 12, 2007

  The Defendant School District seeks a protective order to preclude Plaintiffs from deposing the District's former Assistant General Counsel, Glenna Hazeltine, in this Section 1983 litigation. Apparently Ms. Hazeltine attended various meetings and formal proceedings and had communications with various persons concerning Plaintiff Ferren Chambers.  Anticipating that such a deposition would lead inexorably to Ms. Hazeltine's or the District's repeated invocation of the attorney-client privilege and attorney work product doctrine, the District has refused to produce Ms. Hazeltine for her deposition.  The parties' dispute over this discovery matter has spawned the typical exchange of correspondence as each of the parties endeavored to convince the other of the merits of their own position or the error of the opponent's.  Their letter-writing has been unsuccessful.  Hence, the pending Motion.

  While each party has correctly quoted the general legal principles that support their different positions on the pending dispute, neither has provided the Court with a sufficiently reliable factual

context to permit the Court to either grant or deny the Motion in a definitive matter.  For example, while it should be without discussion that Ms. Hazeltine may not be compelled to answer questions concerning what legal advice the District requested of her or what her professional strategy was for handling the IEP hearings concerning Ferren Chambers, it appears that Ms. Hazeltine may also have participated in relevant events in a capacity, to an extent or in a manner that does not necessarily properly invoke the privilege or doctrine.  Indeed, counsel for Plaintiff acknowledges that implicating the attorney-client privilege or work product doctrine would be properly subject to objection, but contends his purpose is only to "discover...information that has been communicated [by Ms. Hazeltine] to third parties, where the attorney-client privilege has been waived" and "information disclosed to third parties who were neither Ms. Hazeltine's subordinates nor her clients."  (Pl.'s Br. at 4.)

Therefore, the Court will permit a deposition of Ms. Hazeltine with the expectation that the parties will be respectful of the extent of the attorney-client privilege and work product doctrine so that the questions put to Ms. Hazeltine will be attentive to what the privilege and doctrine protect and the objections (or instructions not to answer), if any, will be attentive to what they do not.  The Court will resolve any disputes, provided that the precise questions drawing the disputed objection(s) or instruction(s) are presented to the Court to evaluate.  The Court would expect that the proposed deposition can be completed in two hours or less.

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. and LESLIE A. CHAMBERS, as GUARDIANS of FERREN CHAMBERS, an incapacitated person, and RONALD E. and LESLIE A. CHAMBERS, in their own right, | : : : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | NO. 05-2535 |
| SCHOOL DISTRICT OF PHILADELPHIA BOARD OF EDUCATION, | : : : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this 12th day of February 2007, upon consideration of the School District of Philadelphia's Motion for a Protective Order (Docket Nos. 57, 63) and Plaintiffs' Response (Docket No. 66), **IT IS HEREBY ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiffs' counsel may depose Glenna Hazeltine for up to two hours but shall not make inquiry of communications to Ms. Hazeltine directly or indirectly by the School District in connection with requests for or provision of legal advice and shall make no inquiry concerning Ms. Hazeltine's formulation of either legal advice or strategic or tactical evaluations or plans attendant to representation of the School District in connection with the Chambers matters;

2. The School District may instruct Ms. Hazeltine not to answer specific questions based upon a good faith invocation of the attorney-client privilege

        and/or attorney work product doctrine, and Ms. Hazeltine may decline to answer specific questions on the same basis;

3. In the event a dispute arises in connection with the deposition, the parties shall present the specific question(s) at issue to the Court for resolution.

        BY THE COURT:

        S/Gene E.K. Pratter
        GENE E.K. PRATTER
        UNITED STATES DISTRICT JUDGE