IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. and LESLIE A. CHAMBERS, as GUARDIANS of FERREN CHAMBERS an incapacitated person and RONALD E. and LESLIE A. CHAMBERS, in their own right, | : : : : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA BOARD OF EDUCATION, Defendant. | : : : : | No. 05-2535 |

**MEMORANDUM**

PRATTER, J.                                                                                             JULY 18, 2014

Plaintiffs Ronald and Leslie Chambers, on behalf of their daughter, Ferren, bring this action for compensatory damages, asserting that the School District of Philadelphia violated § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and § 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, by intentionally failing to provide Ferren with a free appropriate public education ("FAPE").[1]  After the Court issued a scheduling order setting a trial date certain for a bench trial in this matter, the Chambers family sent a letter brief to the Court requesting that the case be set for trial by jury.  The School District responded with its own letter brief, opposing the request, and the Chambers family replied to that opposition.  The Court is persuaded that the Chambers family is entitled to a jury trial on their claims for compensatory damages and so grants their request.

---

[1] The Chambers family originally asserted claims under 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act ("IDEA"), as well as claims on behalf of parents Ronald and Leslie, in addition to the ADA and RA claims at issue here.  Those other claims have been dismissed at various points during this lengthy litigation.

1

**BACKGROUND**

The Court need not recite the long factual and procedural history of this matter, inasmuch as both this Court and the Third Circuit Court of Appeals have done so at length in previous opinions.  *See, e.g., Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 537 F. App'x 90 (3d Cir. 2013) ("*Chambers IV*"); *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, No. 05-2535, 2012 WL 3279214 (E.D. Pa. Aug. 13, 2012) ("*Chambers III*"); *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176 (3d Cir. 2009) ("*Chambers II*"); *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, No. 05-2535, 2007 WL 4225584 (E.D. Pa. Nov. 29, 2007) ("*Chambers I*").  In brief, Ferren Chambers, now in her late twenties, is severely developmentally disabled.  Ferren's disabilities led to a long series of disputes between the Chambers family and the School District concerning a suitable way to provide Ferren with a FAPE.  After being awarded 3,180 hours of compensatory education and $209,000 in an educational trust as a result of a due process hearing before the Bureau of Special Education, the Chambers family filed this suit, claiming, among other things, that the School District intentionally discriminated against Ferren because of her disabilities, in violation of § 504 of the RA and § 202 of the ADA, and seeking compensatory damages for the School District's alleged discrimination.  The parties now dispute whether the Chambers family is entitled to a jury to decide these claims.

**LEGAL STANDARD**

Under the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII.  According to the Supreme Court, "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates

legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974). In cases involving statutory claims, when the statute does not explicitly discuss the issue of a right to a trial by jury,

> [T]he Court must examine both the nature of the action and of the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Tull v. United States*, 481 U.S. 412, 417-18 (1987) (internal citations omitted). The Supreme Court has repeatedly emphasized that "characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial." *Id.* at 421 (quoting *Curtis*, 415 U.S. at 196).

**DISCUSSION**

Neither § 504 of the RA nor § 202 of the ADA explicitly guarantee the right to a jury trial for claims brought pursuant to those statutes. Thus, the Court must follow the test set out in *Tull* to determine whether the Chambers family is entitled to a jury for their claims under the statutes. Applying the first prong, courts have characterized claims under § 504 of the RA and § 202 of the ADA "as a type of tort or contract action for which suits at law were available if the proper type of damages were requested." *See Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 829 (4th Cir. 1994) (citing *Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir. 1990)). The inquiry, then, hinges on the type of relief requested.

Here, the Chambers family seeks *only* compensatory damages. *See Chambers IV*, 537 F. App'x at 93 ("Appellants commended the present action on May 27, 2055, seeking compensatory damages . . . ."). [2] Indeed, Ferren already was awarded compensatory education

---

[2] As is clear from both *Chambers IV* and *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013), compensatory damages are available under the RA and ADA with a showing of intentional discrimination. *See Chambers IV*, 537 F. App'x at 95-96 (citing *S.H.*, 729 F.3d at 261).

3

(*i.e.*, equitable relief) in a previous proceeding. *See id.* It is true, as the School District points out, that while monetary relief generally is a legal remedy, it may also be an equitable remedy if it is restitutionary or "incidental to or intertwined with injunctive relief." *See id.* at 832. The School District argues that the damages requested here are "incidental to or intertwined with injunctive relief" because the Chambers family must prove that the School District denied Ferren a FAPE in order to succeed on their claims, and a claim for the denial of a FAPE is an equitable one. Essentially, because the Chambers family is not seeking any equitable relief in this action, the School District seems to be asking the Court to divide the cause of action from the remedy in the analysis of the Chambers family's Seventh Amendment rights: The School District contends that because the *claim* is based on denial of a FAPE, and that *claim* is equitable,[3] the *remedy*, whether legal or equitable, must be incidental to or intertwined with an equitable claim. The Supreme Court in *Tull*, however, expressly disapproved of this method of attempting to separate the claim and the remedy:

> The Government contends that both the cause of action and the remedy must be legal in nature before the Seventh Amendment right to a jury trial attaches. . . . We reject this novel approach. Our search is for a single historical analog, taking into consideration the nature of the cause of action and the remedy as two important factors.

*Tull*, 481 U.S. at 421 n.6.

Moreover, the case the School District cites to support its argument that a claim based on denial of a FAPE is equitable is easily distinguishable. In *Neena S. v. Sch. Dist. of Philadelphia*, No. 05-5404, 2008 WL 5273546 (E.D. Pa. Dec. 19, 2008), the plaintiffs brought suit under the IDEA, § 504 of the RA, and § 1983 seeking compensatory damages and the removal of

---

[3] Although the School District does not explain why it is so certain that denial of a FAPE is an equitable claim, the Court assumes that their basis for that argument is that denial of a FAPE is, in essence, the question presented by IDEA claims, and plaintiffs are only entitled to recover equitable relief under the IDEA. *See Chambers II*, 587 F.3d at 186 ("compensatory and punitive damages are not an available remedy under the IDEA").

restrictions on compensatory education. *Id.* at *1. Because the court found that the only harm alleged in that case was the denial of a FAPE and no evidence of any injury other than denial of a FAPE was presented, the court held that compensatory damages were not recoverable. *Id.* at *15. Here, however, the questions of whether the School District engaged in intentional discrimination, and, therefore, of whether compensatory damages are available, are still open questions. *See Chambers IV*, 537 F. App'x at 96-97. The *Neena S.* court decided which damages were appropriate in a case in which the plaintiffs sought *both* equitable and legal remedies, not whether, in a case in which *only* legal remedies were sought, a jury should decide whether to award compensatory damages and in what amount. Indeed, entitlement to a jury was not even at issue in *Neena S.*

Viewing both the cause of action *and* the requested relief together, the Court determines that the Chambers family's remaining claims are legal ones. Therefore, as several other courts have held in similar cases, they are entitled to have a jury decide these claims. *See, e.g., Waldrop v. S. Co. Servs., Inc.*, 24 F.3d 152, 157 (11th Cir. 1994) (granting jury trial under § 504 when plaintiffs demanded compensatory damages); *Pandazides*, 13 F.3d at 832-33 (holding that availability of compensatory damages under § 504 triggered the right to a jury trial); *Vasquez v. Municipality of Juncos*, 756 F. Supp. 2d 154 (D.P.R. 2010) (despite the lack of an express right to a jury under the ADA or RA, a jury was required when plaintiffs sought compensatory damages for intentional discrimination); *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 536 (W.D. Ark. 1998) (even though a jury trial is not required in every § 504 case, a jury trial is required when there are claims of intentional discrimination and a prayer for legal relief). What the School District seems to be arguing here is that the Chambers family has not suffered damages that cannot be remedied by compensatory education. Because of the disputes of fact highlighted

by the Third Circuit Court of Appeals in *Chambers II* and *Chambers IV*, however, that is an argument for the jury, not an argument against allowing a jury to decide the matter altogether.

**CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiffs' request to a trial by jury. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge