IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. and LESLIE A. CHAMBERS, as GUARDIANS of FERREN CHAMBERS an incapacitated person and RONALD E. and LESLIE A. CHAMBERS, in their own right, | : : : : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA BOARD OF EDUCATION, | : : : : | No. 05-2535 |
| Defendant. | : | |

## O R D E R

**AND NOW**, this 18th day of July, 2014, upon consideration of Plaintiffs' letter request for a jury trial dated June 18, 2014 (Docket No. 167), Defendant's Opposition to Plaintiffs' letter request, and Plaintiffs' revised reply (Docket No. 167), it is **hereby ORDERED** that Plaintiffs' request is **GRANTED**. The case shall be tried to a jury, and shall proceed on the following schedule:

**Final Pretrial Conference, Preparations and Required Submissions, and Trial Pool**

1. All **trial exhibits** shall be marked and exchanged on or before September 19, 2014.

2. All parties are to prepare and file with the Clerk of Court their **Pretrial Memoranda**, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    a. Plaintiffs: on or before September 26, 2014.

    b. Defendant: on or before October 3, 2014.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers), and one copy on each opposing counsel, when the original is filed.

3. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection.

4. A final pretrial conference will be held with the Honorable Gene E.K. Pratter on November 4, 2014, at 10:00 a.m., in Chambers.[1] Lead trial counsel is required to appear at the conference. If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

5. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1 (d)(2)(b)(2). Two (2) copies of such stipulation shall be submitted to the Court (Chambers) no later than October 17, 2014. The original shall be filed with the Clerk of the Court.

6. No later than October 24, 2014 each party shall submit to the Court (Chambers)—

   a. Two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with *pinpoint* citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine (excepting *Daubert* motions), and (e) a trial memorandum on the legal issues

---

[1] Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

2

involved in the case. The originals shall be filed with the Clerk of the Court and a copy served on each opponent's counsel.

If a model jury instruction taken, for instance, from the Third Circuit Model Instructions, O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, or Sand, *Modern Federal Jury Instructions* is submitted, state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction, the modification shall be set forth with additions underlined and deletions placed in brackets.

b. A short, written Joint Statement of the Case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of cause(s) of action *and the essential elements of each cause of action*; and, (c) a brief statement of the defense(s) *and the essential elements of each affirmative defense*. The Joint Statement of the Case should not exceed two (2) pages in length.

c. Motions *in limine* (excepting *Daubert* motions).

d. A trial memorandum on the legal issues involved in the case

The originals shall be filed with the Clerk of the Court and a copy served on each opponent's counsel.  Responses to any motions *in limine* are due no later than October 31, 2014.

7. A trial date certain is set for this case on November 10, 2014, subject only to the Court's criminal case docket. The case will be tried to a jury.

**Other Trial Preparations**

8.  If any party desires an offer of proof as to any witness or exhibit, that party shall informally inquire of opposing counsel or unrepresented party prior to trial for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

9.  Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections is also required.

10. At least three (3) days before the trial date certain, counsel are to supply the Court with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which briefly describes each exhibit.

**General Expectations**

11. All counsel and unrepresented parties are expected to review the Court's General Policies and Procedures and Guidelines for Trial and Other Proceedings in the Courtroom available on the Court's website at www.paed.uscourts.gov concerning the conduct of the litigation, including trial. Any party desiring a hard copy of this document may call the Court's

Civil Deputy, Ms. Rose A. Barber, at 267-299-7350, to request a copy. These Policies and Procedures address many issues that frequently arise during the pendency of cases, and all counsel and unrepresented parties are expected to follow those procedures in spirit and in fact.

12. All counsel shall take such steps and undertake such procedures and processes so as to assure their use of the electronic docketing and document availability and retrieval systems operated by the Eastern District of Pennsylvania available from the Court.

13. EXTENSIONS OF TIME: Any necessary application for extension of any time deadlines, change in conference(s), or trial date(s) set forth in this Order shall be made in writing and submitted to the Court no later than three (3) days prior to the date sought to be changed or extended. Any such request shall include a factual verification of counsel or unrepresented party or witness showing good cause for the request, shall contain a statement of the position of all other parties as to the request, and, if the request relates to a discovery deadline, shall recount what discovery the parties have thus far accomplished.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge